UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIIR HOLDINGS, LLC, a Washington limited liability company, | No. 2:25-cv-01907 |
| Plaintiff, | COMPLAINT |
| v. | JURY DEMAND |
| EVERYDAY DRINKWARE INC, a California corporation, | |
| Defendant. | |

Plaintiff MiiR Holdings, LLC, ("Plaintiff") by and through its attorneys, and for its Complaint against Defendant Everyday Drinkware Inc, dba Created Co. ("Defendant"), hereby alleges as follows:

## I.     NATURE OF LAWSUIT

1.     This is an action for patent infringement, trade dress infringement, false designation of origin, unfair competition, and trade secret misappropriation under the laws of the United States and Washington State.

2.     Plaintiff is an award-winning Seattle company that designs and sells premium stainless-steel drinkware, kitchenware, barware and other products. As a design pioneer, Plaintiff strongly believes in the benefits of fair and active competition to drive innovation in the

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1601954739.1

marketplace. It is this commitment to innovation coupled with Plaintiff's cornerstone ethos of stewardship that has earned Plaintiff worldwide accolades for its products and services. In fact, Plaintiff donates a percentage of the revenues from every product it sells to groundbreaking initiatives directed to clean water, a healthy environment and strong communities.

3.     Plaintiff brings this action against Defendant because Defendant flouts the boundaries of lawful competition by copying Plaintiff's products and stealing its proprietary confidential information.

4.     In light of Defendant's misconduct, Plaintiff seeks to stop Defendant's illegal conduct and obtain compensation for the violations that have occurred thus far.

## II.    **PARTIES**

5.     Plaintiff is a Washington limited liability company with a principal place of business at 4000 156th Street NE, Suite 100, Marysville, Washington 98271.

6.     Defendant is a California corporation with a principal place of business at 2035 Placentia Ave Suite F, Costa Mesa, California 92627. Defendant registered with the Washington Secretary of State on July 29, 2024. Its local registered agent is Incorp Services, Inc. 4505 Pacific Hwy E, Ste C-2, Fife, Washington 98424.

## III.    **JURISDICTION AND VENUE**

7.     The Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (Federal Question Jurisdiction); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks); 28 U.S.C. § 1338(b) (Action asserting claim of unfair competition joined with substantial and related claims under the trademark laws); and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

8.     This Court has personal jurisdiction over Defendant because Defendant has engaged in substantial business activities in and directed to this district. It has purposefully availed itself of the privilege of conducting activities within this district, including directing sales to customers within this district, selling customized products to businesses within this district, and

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1601954739.1

1  participating in exhibitions with this district. Defendant also committed acts of misappropriation

2  within this judicial district. The claims contained in this Complaint arise out of these activities.

3       9.     Venue is proper under 28 U.S.C. § 1391(b) and (c) because Defendant transacts

4  business within this district and offers for sale in this district products that infringe Plaintiff's

5  patents, trademarks and trade dress. In addition, venue is proper because Plaintiff's principal place

6  of business is in this district. Moreover, a substantial part of the events giving rise to the claims

7  occurred in this district.

8         **IV.**    **BACKGROUND**

9  **A.**    **Plaintiff's Innovations And Stewardship**

10       10.    Plaintiff was established in 2010 to address a need in the drinkware industry for

11  accessible, beautifully designed, reusable water bottles.

12       11.    It has now grown into an award-winning design company engaged in the worldwide

13  sale, manufacture, import, distribution and marketing of drinkware, kitchenware, and accessories.

14  Plaintiff designs each one of its innovative products in-house.

15       12.    Plaintiff's designs have earned national and international acclaim. Plaintiff's

16  designs have been recognized by the International Design Excellence Award from the Industrial

17  Designers Society of America, the European Product Design Award, the Good Housekeeping Best

18  Coffee and Tea Award, the Urban Hiker Classic Pick Award from Backpackers.com, and the

19  Editors' Choice award from Outdoor Gear Lab for its Pourigami pour-over coffee system.

20       13.    Plaintiff's origins not only are marked by its innovations but also by its commitment

21  to stewardship, with its foundational commitment to help millions of people around the world gain

22  better access to clean drinking water. Since 2010, this commitment to charitable and philanthropic

23  activities has grown alongside its extraordinary worldwide growth.

24       14.    For example, Plaintiff recognizes its responsibility to protect the environment. It

25  recognizes that human-caused environmental degradation threatens healthy markets, healthy

26  businesses and the overall quality of life so Plaintiff measures its carbon footprint annually and it

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 3

1601954739.1

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

so successfully manages its carbon impact that it has achieved The Climate Label Certification for the past four (4) years.

15.    In fact, Plaintiff contributes at least 1% of its annual sales to environmental nonprofit causes – earning it the 1% For the Planet Certification every year since 2017.

16.    Plaintiff's commitment to stewardship is so integrated as a foundational value that it donates a percentage of revenues for each and every product it sells to nonprofit organizations that advance environmental stewardship and support community empowerment.

**B.    Plaintiff's Intellectual Property Portfolio**

17.    Recognizing early the value of its innovations, Plaintiff invested considerable resources into growing an extensive intellectual property portfolio that includes design patents, trademarks and trade dress rights.

**1.    Plaintiff's Design Patent Portfolio**

18.    Plaintiff protected its innovative designs through design patents issued by the United States Patent and Trademark Office ("USPTO"). Plaintiff's design patents cover the ornamental features of Plaintiff's well-known product designs. For example, Plaintiff owns all right, title, and interest in and to U.S. Design Patent No D868,536 S for a Tumbler Design (hereafter the "'536 Patent"). The '536 Patent is valid and enforceable. A true and correct copy of the '536 Patent is attached hereto as Exhibit 1.

19.    Plaintiff's Flip Traveler cup embodies the design of the '536 Patent:

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 4

1601954739.1

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022



| '536 Patent | Plaintiff's Flip Traveler |
|---|---|

## 2.  Plaintiff's Trademark Portfolio

20.  Plaintiff also owns an extensive trademark portfolio.

21.  For example, Plaintiff owns United States Trademark Registration No. 4,107,765 for MIIR (the "'765 Registration"). This registration is valid, subsisting, and enforceable. Moreover, Plaintiff owns incontestable trademark rights to MIIR in the United States under Section 15 of the Trademark Act. A true and correct copy of the '765 Registration is attached as Exhibit 2.

22.  In addition, Plaintiff owns United States Trademark Registration No. 3,810,273 for MIIR BOTTLES for "[r]eusable stainless steel water bottles sold empty" in International Class 21 (the "'273 Registration"). This registration is valid, subsisting, and enforceable. Moreover, Plaintiff owns incontestable trademark rights to MIIR BOTTLES in the United States under Section 15 of the Trademark Act. A true and correct copy of the '273 Registration is attached as Exhibit 3.

23.  Plaintiff owns longstanding trademark rights in the following stylized MiiR mark that it has continuously, substantially and exclusively used in association with drinkware since at least as early as 2017:

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 5

1601954739.1

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

# MiiR

(the "MIIR (Stylized) Mark," collectively with '765 Registrations and '273 Registration, the "MIIR Marks"). The MiiR (Stylized) Mark is inherently distinctive.

24.     Plaintiff also owns longstanding trademark rights in its DESIGN FORWARD. GENEROSITY DRIVEN. mark that it has continuously, substantially and exclusively used in association with drinkware since at least as early as 2019 ("Plaintiff's Mark"). Plaintiff's Mark is valid, subsisting and enforceable.

25.     As a result of Plaintiff's extensive use and promotion, the MiiR Marks and Plaintiff's Mark have become known to and recognized by consumers as identifying the source of Plaintiff's award-winning products and/or services.

**3.      Trade Dress Rights**

26.     Plaintiff also owns an extensive trade dress portfolio for its innovative product designs. Since its inception, Plaintiff has created and developed unique, distinctive and non-functional designs for Plaintiff's drinkware and other products.

27.     Plaintiff holds trade dress protection in the design, configuration and appearance of its Camp Cup, 360 Traveler Tumbler, Flip Traveler Tumbler, and Wide Mouth Bottle ("Plaintiff's Drinkware") with distinctive non-functional shapes and silhouettes, colorways, and vertical logo placement (the "Plaintiff's Product Configuration Trade Dress"). Each of these elements is distinctive and serves to identify Plaintiff as the source of Plaintiff's products.

28.     Plaintiff's Drinkware is radically different from the reusable water bottles that preceded them – due to a design, configuration and appearance that includes a clean linear style, innovative matte colorways and vertical logo placement. The end result is an elegant product more aesthetically designed than previously available drinkware. There are innumerable alternative

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

design options available to MiiR's competitors. Plaintiff's Product Configuration Trade Dress for Plaintiff's Drinkware immediately became associated with Plaintiff.

29. <u>Camp Cup.</u> Plaintiff's Product Configuration Trade Dress includes trade dress rights in Plaintiff's Camp Cup ("Camp Cup Trade Dress"). Plaintiff has been using the Camp Cup Trade Dress continuously, substantially and exclusively since at least as early as June 22, 2016:



*8 Ounce*
*Camp Cup*

*12 Ounce*
*Camp Cup*

*16 Ounce*
*Camp Cup*

*20 Ounce*
*Camp Cup*

30. <u>360 Traveler Tumbler.</u> Plaintiff's Product Configuration Trade Dress also includes trade dress rights in Plaintiff's 360 Traveler tumbler ("360 Traveler Tumbler Trade Dress"). Plaintiff has been using the following 360 Traveler Tumbler Trade Dress continuously, substantially and exclusively since at least as early as January 26, 2022:

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022



*12 Ounce*
*360 Traveler*     *24 Ounce*
*360 Traveler*

31.     <u>Flip Traveler Tumbler.</u> Plaintiff's Product Configuration Trade Dress includes trade dress rights in Plaintiff's Flip Traveler ("Flip Traveler Trade Dress"). Plaintiff has been using the following Flip Traveler Trade Dress continuously, substantially and exclusively since at least as early as October 2019:



*12 Ounce*      *16 Ounce*      *20 Ounce*
*Flip Traveler*   *Flip Traveler*   *Flip Traveler*

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 8

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

1601954739.1

32. <u>Wide Mouth Bottle.</u> Plaintiff's Product Configuration Trade Dress includes trade dress rights in Plaintiff's Wide Mouth Bottle ("Wide Mouth Bottle Trade Dress"). Plaintiff has been using the following Wide Mouth Bottle Trade Dress continuously, substantially and exclusively since at least as early as December 7, 2016:

*16 Ounce*
*Wide Mouth*

*20 Ounce*
*Wide Mouth*

*32 Ounce*
*Wide Mouth*

33. <u>Color, Finish and Naming of Colorways.</u> Plaintiff's Product Configuration Trade Dress includes trade dress rights in Plaintiff's color, finish and naming of the colorways used on and/or with Plaintiff's drinkware ("Plaintiff's Colorway Trade Dress"). Plaintiff has been using the distinctive Plaintiff Colorway Trade Dress continuously, substantially and exclusively:

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 9

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

| MiiR | Name & Launch | Color |
|---|---|
| Haze Purple | June 2024 | |
| Tidal Blue | August 2021 | |
| Sandstone | November 2021 | |
| Seaglass | April 2022 | |
| Canyon Red | March 2023 | |
| Honeycomb | April 2022 | |
| Sagebrush | September 2024 | |
| Evergreen | November 2021 | |

34. <u>Vertical Logo Placement.</u> Plaintiff's Product Configuration Trade Dress includes trade dress rights in Plaintiff's vertical placement of the MIIR (Stylized) Mark on its drinkware ("Vertical Logo Placement Trade Dress"). Plaintiff has been using the Vertical Logo Placement Trade Dress continuously, substantially and exclusively since at least as early as 2011:



*Camp Cup*        *360 Traveler*        *Flip Traveler*        *Wide Mouth*

35. Plaintiff's Product Configuration Trade Dress – the individual elements and collectively – are distinctive, non-functional, well-recognized and constitute valid, protectable and enforceable trade dress rights.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

36. Over the years, Plaintiff has expended substantial time, money, efforts and resources advertising, promoting, developing and marketing Plaintiff's Product Configuration Trade Dress and goods offered thereunder. Plaintiff's website, social media accounts and other marketing materials all promote and display Plaintiff's Product Configuration Trade Dress.

37. Plaintiff's Product Configuration Trade Dress has been featured in many third-party publications and media which recognize the unique, sleek designs contained as part of Plaintiff's Product Configuration Trade Dress.

38. As a result of Plaintiff's continuous, substantial and exclusive use of Plaintiff's Product Configuration Trade Dress and the substantial advertising, marketing, and promotion efforts by Plaintiff, Plaintiff's Product Configuration Trade Dress has acquired substantial consumer recognition and goodwill, has acquired distinctiveness and secondary meaning, and has come to be widely recognized by the public as identifying Plaintiff's goods and/or services, and has become an important source indicator of Plaintiff's goods and/or services.

## C. Plaintiff's Confidential And Proprietary Trade Secret Information

39. Plaintiff also has taken significant measures to maintain the confidentiality of its proprietary trade secret information which includes Plaintiff's customer lists, customer history and preferences, confidential proprietary financial information, and strategic advertising and marketing campaigns ("Plaintiff's Trade Secrets").

40. Plaintiff employs and consistently enforces well-developed internal policies designed to ensure that Plaintiff's proprietary trade information remains confidential. These policies go well-beyond reasonable efforts to maintain secrecy.

41. All employees with access to confidential, proprietary information are required to sign agreements before, during and at the termination of employment precluding them from: (1) using, disclosing, publishing or distributing any of Plaintiff's confidential information; (2) removing any confidential materials from Plaintiff; and/or (3) otherwise disclosing any Plaintiff's confidential information. These agreements include: an Employee Confidentiality Agreement, an

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 11

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON 98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

1601954739.1

Employee Handbook acknowledgement, and a Separation and Release Agreement (collectively "Plaintiff's Confidentiality Agreements"). The confidential information and materials referenced in Plaintiff's Confidentiality Agreements include Plaintiff's Trade Secrets.

42.     Upon termination of an employee, Plaintiff also immediately terminates access to Plaintiff's data and information, including Plaintiff's Trade Secrets. Plaintiff also conducts exit interviews upon termination of employment to apprise the former employee of its ongoing obligations to maintain confidentiality pursuant to Plaintiff's Confidentiality Agreements.

43.     Plaintiff's Trade Secrets derive independent economic value for Plaintiff from the fact that they are not generally known to competitors of Plaintiff. The fact that they are not known to competitors provides Plaintiff with competitive advantages that translate into revenue that would not be realized or would be decreased if the competitive actions of competitors also were guided by the Plaintiff's Trade Secrets.

**D.    Plaintiff's Former Employee Executed Plaintiff's Confidentiality Agreements**

44.     Plaintiff's former employee Madison Fender (Plaintiff's "Former Employee") executed Plaintiff's Confidentiality Agreements during the course of her employment with Plaintiff.

45.     She executed the Employee Confidentiality Agreement on October 23, 2020. This agreement is in full force and effect, and there has never been a waiver of these obligations. No waiver has ever been requested by Former Employee. No waiver has ever been requested by Defendant. No waiver has ever been granted by Plaintiff.

46.     Plaintiff's Former Employee executed an acknowledgement that she received and read a copy of Plaintiff's Employee Handbook on March 11, 2022. This agreement is in full force and effect, and there has never been a waiver of these obligations. No waiver has ever been requested by Former Employee. No waiver has ever been requested by Defendant. No waiver has ever been granted by Plaintiff.

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 12

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1601954739.1

47. Plaintiff's Former Employee Executed a Separation and Release Agreement on June 20, 2023. This agreement is in full force and effect, and there has never been a waiver of these obligations. No waiver has ever been requested by Former Employee. No waiver has ever been requested by Defendant. No waiver has ever been granted by Plaintiff.

48. Plaintiff hired Former Employee as a customer specialist on or about October 26, 2020. In this position, she was responsible for sales of Plaintiff's custom-branded products for Plaintiff's business-to-business sales. Her responsibilities also included account management and business development through communications with new and existing customers. She also gained an in-depth knowledge and insights into Plaintiff's customization processes and provided in-depth knowledge of Plaintiff's product offerings.

49. Plaintiff's Former Employee was promoted to account manager in October 2021. In this position, she was responsible for developing strategic plans to increase revenue from new and existing customers. This work included managing Plaintiff's relationships with prospective customers and acting as point of contact for existing customers. Plaintiff's Former Employee had ongoing access to Plaintiff's confidential, proprietary customer lists. She also gained knowledge of confidential, proprietary customer history and preferences. Plaintiff's Former Employee handled customer service requests, re-orders, and resolution of any customer needs.

50. In addition, Plaintiff's Former Employee also had access to confidential, proprietary financial information. She assisted in creating annual sales plans based on historical sales data and forecasted account growth.

51. Plaintiff's Former Employee's position further included responsibilities related to confidential, proprietary strategic advertising and marketing campaigns.

52. Plaintiff's Former Employee was obligated to indefinitely maintain the confidentiality of Plaintiff's Trade Secrets.

53. Former Employee was terminated on June 13, 2023, and two months later, she began working for Defendant in a role identical to her role at Plaintiff.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

54.    Upon termination of Former Employee's employment, Plaintiff promptly took steps to remove Former Employee's access to Plaintiff's computer systems and software.

55.    Upon termination of Former Employee's employment, Plaintiff reminded Former Employee of her obligations under Plaintiff's Confidentiality Agreements.

56.    Plaintiff believed and trusted that Former Employee would satisfy her obligations under Plaintiff's Confidentiality Agreements.

**E.    Defendant's Wrongful Conduct**

57.    Defendant engaged and continues to engage in a campaign to systematically and unlawfully infringe upon Plaintiff's '536 Patent, Plaintiff's Mark, Plaintiff's Product Configuration Trade Dress and misappropriate Plaintiff's Trade Secrets.

**1.    Defendant's Patent Infringement**

58.    Defendant has imported and/or sold in the United States the "Nomad Flip" tumbler that infringes upon the claim of the '536 Patent:

| '536 Patent | Nomad Flip |
|:---:|:---:|
| *Fig. 1* | |

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 14

1601954739.1

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26



*Fig. 2*

*Fig. 3*

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

1601954739.1



*Fig. 4*

*Fig. 5*

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 16

1601954739.1

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**



*Fig. 6*

*Fig. 7*

59.     Defendant offers the Nomad Flip for sale on its website in the United States.

60.     An ordinary observer would think that the Nomad Flip Tumbler is substantially the same as the '536 Patent, giving such attention that a consumer of drinkware in the relevant price range usually gives.

61.     The overall impression of the two designs is substantially the same, namely, the impression made by the designs' shape and silhouette; curved base; similar sloping lids.

**2.     Defendant Infringes Plaintiff's Mark**

62.     Defendant infringes Plaintiff's Mark through advertising itself as providing "DESIGN DRIVEN DRINKWARE," ("Infringing Mark") which it adopted after Plaintiff:

63.     The Parties use their respective trademarks in association with the exact same types of goods, namely drinkware.

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 17

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

64.     The Parties' goods travel in the exact same channels of trade. Both Parties' offer products directly to consumers through their respective websites and third-party retailers.

65.     In addition, both Parties provide customized drinkware to third-party businesses, such as cafes and artisanal coffee shops.

66.     Defendant's adoption of the Infringing Mark has been purposeful, willful and with knowledge of Plaintiff's prior rights in the Plaintiff's Mark.

67.     Defendant's continued use, marketing and promotion of the Infringing Mark is likely to result in consumer confusion, mistake or deception as to the source or origin of Defendant's goods because the public is likely to believe that Defendant's goods are sponsored by, approved by, licensed by or otherwise affiliated with or legitimately connect to Plaintiff, which they are not.

68.     Defendant's continued use, marketing and promotion of the Infringing Mark will result in the misappropriation of, and the profiting off of, the goodwill of Plaintiff, because consumers are likely to be confused and misdirected to Defendant and purchase the Defendant's products believing them to be those of Plaintiff.

69.     Defendant's use, promotion, and marketing of the Infringing Mark is unlawful, and constitutes unfair competition, false designation of origin and amounts to misappropriation and profiting off of the goodwill of Plaintiff's Mark, all of which results in injury to Plaintiff.

**3.     Defendant Infringes Plaintiff's Product Configuration Trade Dress**

70.     Rather than innovate and develop its own unique style and design for Defendant's stainless-steel drinkware, Defendant instead chose to slavishly copy that of Plaintiff after Plaintiff's Product Configuration Trade Dress became distinctive and acquired widespread consumer recognition as identifying and distinguishing Plaintiff's goods from those of others.

71.     Specifically, Defendant copied Plaintiff's Product Configuration Trade Dress in Defendant's Camp Mug, Nomad Flip Tumbler, Nomad Sip Tumbler, and Wander Bottle (collectively "Infringing Drinkware"). As a preliminary matter, each of Defendant's Infringing

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 18

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1601954739.1

Drinkware embodies a combination of several elements of Plaintiff's Product Configuration Trade Dress – namely a minimalistic shape and silhouette and discrete vertical logo placement ("Infringing Drinkware Designs").

72.    Defendant's Camp Mug infringes upon Plaintiff's Camp Cup Trade Dress through use of similar-shaped handles; a similar minimalistic shape and silhouette; a curved base; a press-fit clear lid; similar vertical logo placement; and similarly etched logos on stainless steel:

| Plaintiff's Camp Cup | Defendant's Camp Mug |
|---|---|
| | |
| *12 Ounce Camp Cup* | *12 Ounce Camp Mug* |

73.    Defendant's Nomad Sip infringes upon Plaintiff's 360 Traveler Tumbler Trade Dress through the use of a similar minimalistic shape and silhouette; a curved base; similar lids; similar vertical logo placement; and similarly etched logos on stainless steel:

| Plaintiff's 360 Traveler Tumbler | Defendant's Nomad Sip |
|---|---|
| | |
| *12 Ounce Traveler Tumbler* | *12 Ounce Nomad Sip* |

74.    Defendant's "Nomad Flip" infringes upon the Flip Traveler Trade Dress through use of a similar minimalistic shape and silhouette; a curved base; similar sloping lids; similar vertical logo placement; and similarly etched logos on stainless steel:

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 19

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

1601954739.1

| Plaintiff's Flip Traveler | Defendant's Nomad Flip |
|---|---|
| | |
| *12 Ounce Flip Traveler* | *12 Ounce Nomad Flip* |

75.    Both variants of Defendant's "Wander" Bottle infringe upon both variants of Plaintiff's Wide Mouth Bottle Trade Dress through use of similar minimalistic, cylindrical shapes and silhouettes; similar vertical logo placements; and similarly etched logos on stainless steel:

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 20

1601954739.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

| Plaintiff's Wide Mouth Bottle | Defendant's Wander |
|:---:|:---:|
| | |
| *20 Ounce Wide Mouth* | *20 Ounce Wander* |
| | |
| *32 Ounce Wide Mouth* | *26 Ounce Wander* |

76.     Dissatisfied with only copying the protected design, shapes and silhouettes of Plaintiff's Drinkware, Defendant next turned to copying Plaintiff's Colorway Trade Dress by wholly adopting the colors, muted finishes and naming of the colorways used on Plaintiff's Drinkware long after Plaintiff's Colorway Trade Dress had become distinctive and gained widespread consumer recognition:

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 21

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1601954739.1

| MiiR | Name & Launch | Color | Created Co. | Name & Launch | Color |
|---|---|---|---|
| Haze Purple | June 2024 | | Lavender | October 2024 | |
| Tidal Blue | August 2021 | | Pacific | May 2022 | |
| Sandstone | November 2021 | | Desert | May 2022 | |
| Seaglass | April 2022 | | Mint | February 2025 | |
| Canyon Red | March 2023 | | Terracotta | Oct 2024 | |
| Honeycomb | April 2022 | | Honeycomb | March 2025 | |
| Sagebrush | September 2024 | | Sage | October 2025 | |
| Evergreen | November 2021 | | Olive | May 2022 | |

77.    The Parties use their respective trade dress in association with the exact same types of goods, namely drinkware.

78.    The Parties' goods travel in the exact same channels of trade. Both Parties' offer products directly to consumers through their respective websites and third-party retailers.

79.    In addition, both Parties provide customized drinkware to third-party businesses, such as cafes and artisanal coffee shops.

80.    The Parties even sell customized drinkware to overlapping businesses.

81.    Defendant has sold its products to consumers in Washington directly through its website, and through third-party businesses.

82.    Defendant's adoption of Plaintiff's Product Configuration Trade Dress has been purposeful, willful and with knowledge of Plaintiff's prior designs.

83.    For example, Defendant was aware of Plaintiff's superior trade dress rights at least as early as February 8, 2024. Nevertheless, Defendant continued to use, market and promote infringing products bearing Plaintiff's Product Configuration Trade Dress.

84.    Defendant's continued use, marketing and promotion of the Infringing Drinkware Designs is likely to result in consumer confusion, mistake or deception as to the source or origin of the Infringing Drinkware because the public is likely to believe that the Infringing Drinkware

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 22

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1601954739.1

is sponsored by, approved by, licensed by or otherwise affiliated with or legitimately connected to Plaintiff, when it is not.

85.    Defendant's continued use, marketing and promotion of the Infringing Drinkware will result in the misappropriation of, and the profiting off of, the goodwill of Plaintiff, because consumers are likely to be confused and misdirected to Defendant in their purchasing efforts.

86.    Defendant's use, promotion, and marketing of the Infringing Drinkware is unlawful, and constitutes trade dress infringement, unfair competition, false designation of origin, and amounts to misappropriation and profiting off of the goodwill of Plaintiff's Product Configuration Trade Dress, all of which results in injury to Plaintiff.

**4.    Defendant's Unlawful Use of Plaintiff's Trade Secrets**

87.    After engaging in a practice of wholesale, unlawful adoption of Plaintiff's intellectual property, Defendant hired Former Employee to induce her to disclose Plaintiff's Trade Secrets.

88.    Former Employee used improper means to acquire Plaintiff's Trade Secrets including Plaintiff's customer lists, customer history and preferences, confidential proprietary financial information, and strategic advertising and marketing campaigns. Former Employee was aware that she acquired this information by improper means and that Plaintiff would not consent to this disclosure because Plaintiff expressly notified her on July 12, 2023, and because Former Employee executed Plaintiff's Confidentiality Agreements, acknowledging her obligations.

89.    Former Employee retained Plaintiff's Trade Secrets after her termination. This retention occurred without the knowledge or permission of Plaintiff.

90.    Former Employee then unlawfully took Plaintiff's Trade Secrets in the months, days and hours before her departure in breach of Plaintiff's Confidentiality Agreements to benefit Defendant.

91.    Defendant induced Former Employee to take Plaintiff's Trade Secrets and to disclose Plaintiff's Trade Secrets to it even though it knew she was bound by the terms of Plaintiff's

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 23

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

1601954739.1

Confidentiality Agreements and the disclosure would result in a breach. In acquiring Plaintiff's Trade Secrets in this way, Defendant successfully avoided the time and expense associated with the development of its own proprietary information.

92.     For example, Former Employee took Plaintiff's customer lists and other Plaintiff customer information to solicit work for Defendant. For example, on September 20, 2023, shortly after her termination of employment with Plaintiff, Former Employee emailed the owner of Plaintiff's customer to provide him with catalogs and pricing for Defendant's Infringing Drinkware. Defendant learned of this customer, the high-level customer contact information, and related competitive customer pricing from Former Employee and induced Former Employee to use this information for the benefit of Defendant.

93.     Former Employee again emailed the Chief Executive Officer of another customer of Plaintiff on September 21, 2023, to establish a business relationship to benefit Defendant. Defendant learned of this customer and high-level customer contact information from Former Employee and induced Former Employee to use this information for the benefit of Defendant.

94.     Former Employee also used improper means to acquire, retain and take Plaintiff's confidential and proprietary strategic advertising and marketing campaigns following her employment with Plaintiff. Defendant induced Former Employee to use Plaintiff's advertising and marketing campaigns for the benefit of Defendant:

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 24

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1601954739.1

| Plaintiff | Defendant |
|---|---|
|  | |

95.    Defendant's exploitation of stolen information greatly harms Plaintiff and deforms what is a fair and competitive industry. Defendant's actions provide it with a competitive advantage it would not have in absence of the misappropriation. Allowing Defendant's conduct to continue, and awarding monetary compensation after the fact, may not sufficiently unravel the harm caused to Plaintiff.

96.    With this action, Plaintiff seeks to vindicate its rights, prevent any further misuse of its confidential, proprietary and trade secret information, and obtain compensation for damages resulting from Defendant's unlawful conduct.

## V.    <u>CLAIMS FOR RELIEF</u>

### FIRST CLAIM FOR RELIEF
### INFRINGEMENT OF THE '536 PATENT
### 35 U.S.C. § 271

97.    Plaintiff re-alleges upon information and belief, and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs.

COMPLAINT
CASE NUMBER 2:25-CV-1907 - 25

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

1601954739.1

98.     The '536 Patent, entitled "Tumbler" was duly and lawfully issued by the USPTO on December 3, 2019.

99.     Plaintiff is the owner of the entire right, title and interest in the '536 Patent and possesses all right of recovery under the '536 Patent, including the right to recover damages.

100.    Defendant has directly infringed and continues to directly infringe the '536 Patent by making, using, selling, and/or offering for sale in the United States and/or importing into the United States Defendant's Nomad Flip Tumbler in violation of 35 U.S.C. § 271(a).

101.    Defendant's acts of making, using, importing, selling and/or offering for sale infringing products have been without license, permission, or authorization from Plaintiff.

102.    Without limiting the foregoing, Defendant has infringed at least Claim 1, the only claim, of the '536 Patent as described herein.

103.    An ordinary observer familiar with the prior art would be deceived into believing the Nomad Flip Tumbler is the same and/or substantially similar to the patented design in the '536 Patent.

104.    The overall impression of the two designs is substantially the same, namely, the impression made by the designs' shape and silhouette, curved base and similar sloping lids.

105.    Defendant's wrongful acts have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiff. Plaintiff has no adequate remedy at law because monetary damages are inadequate to compensate Plaintiff for injuries caused by Defendant.

106.    As a result of Defendant's wrongful acts, Plaintiff has incurred damages in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF
### UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT
### 15 U.S.C. § 1125(a)(1)(A)

107.    Plaintiff re-alleges upon information and belief, and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs.

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 26

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1601954739.1

108.    Plaintiff's Mark and Plaintiff's Product Configuration Trade Dress are valid and protectable.

109.    Plaintiff owns all of the right, title, interest and goodwill in Plaintiff's Mark and Plaintiff's Product Configuration Trade Dress in conjunction with its goods.

110.    Plaintiff holds the first, superior right to use Plaintiff's Mark and Plaintiff's Product Configuration Trade Dress.

111.    Plaintiff has continuously, substantially and exclusively used Plaintiff's Mark and Plaintiff's Product Configuration Trade Dress long before Defendant.

112.    Plaintiff's expenditure of substantial resources promoting Plaintiff's Mark and Plaintiff's Product Configuration Trade Dress that they have become identified in the minds of consumers exclusively with the source of Plaintiff's Drinkware.

113.    Plaintiff's Product Configuration Trade Dress is distinctive and nonfunctional.

114.    Defendant have used the Infringing Mark and Infringing Drinkware Designs in interstate commerce.

115.    Defendant's use of the Infringing Mark and Plaintiff's Product Configuration Trade Dress is likely to cause confusion, or to cause mistake, or to deceive, as to an affiliation, connection, or association with Plaintiff, or as to Plaintiff's sponsorship or approval of Defendant's Infringing Drinkware Designs, products, services and/or commercial activities, when Plaintiff did not and does not consent to any use by Defendant.

116.    Defendant's wrongful acts constitute unfair competition, false designation of origin and trade dress infringement in violation of 15 U.S.C. § 1125(a).

117.    Defendant's wrongful acts have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiff's Mark, Product Configuration Trade Dress, business, reputation and goodwill. Plaintiff has no adequate remedy at law because monetary damages are inadequate to compensate Plaintiff for injuries caused by Defendant.

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 27

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1601954739.1

118.    As a result of Defendant's wrongful acts, Plaintiff has incurred damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
### FEDERAL DEFEND TRADE SECRETS ACT
### 18 U.S.C. § 1836

119.    Plaintiff re-alleges upon information and belief, and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs.

120.    Plaintiff owns and possesses certain confidential, proprietary and trade secret information constituting Plaintiff's Trade Secrets, as alleged above. Plaintiff's Trade Secrets include customer lists, customer history and preferences, confidential proprietary financial information, and strategic advertising and marketing campaigns, all used in interstate commerce.

121.    Plaintiff has taken reasonable and extensive measures to maintain the secrecy of Plaintiff's Trade Secrets. Those measures include extensive corporate policies limiting access to sensitive information, Plaintiff's use of confidential password logins for company computers, removing former employees' access to the information, and Plaintiff's requirement that all employees abide by the confidentiality provisions included in Plaintiff's Confidentiality Agreements, among others.

122.    Due to these security measures, Plaintiff's Trade Secrets are not available for others in the drinkware industry, or any other industry, to use through any legitimate means. Moreover, Plaintiff's Trade Secrets are not generally known, or readily ascertainable; nor could they be properly acquired or duplicated by others.

123.    Plaintiff's Trade Secrets derive independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information. The confidentiality of Plaintiff's Trade Secrets has been critical to the success and competitiveness of Plaintiff's business and products in the drinkware market. Plaintiff has invested and continues to invest significant economic resources into developing and refining Plaintiff's Trade Secrets.

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 28

1601954739.1

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

124.    Defendant misappropriated Plaintiff's Trade Secrets.

125.    Defendant knew or had reason to know that Plaintiff's Trade Secrets were acquired by improper means, namely, that Former Employee unlawfully retained Plaintiff's Trade Secrets following the termination of her employment with Plaintiff in breach of Plaintiff's Confidentiality Agreements.

126.    At the time of disclosure or use, Defendant knew or had reason to know that Plaintiff's Trade Secrets were: (1) derived from or through Former Employee who used improper means to acquire Plaintiff's Trade Secrets; (2) acquired under circumstances giving rise to a duty to maintain the secrecy of Plaintiff's Trade Secrets or limit the use of Plaintiff's Trade Secrets; and/or (3) derived from or through Former Employee who owed a duty to Plaintiff to maintain the secrecy of Plaintiff's Trade Secrets or limit the use of Plaintiff's Trade Secrets.

127.    Defendant induced Former Employee to disclose Plaintiff's Trade Secrets to Defendant so Defendant could use them for its own benefit even though Defendant knew or had reason to know that the disclosure and use constituted Former Employee's breach of a duty to maintain secrecy under Plaintiff's Confidentiality Agreements.

128.    At no time did Plaintiff consent to Defendant's improper acquisition, use or disclosure of Plaintiff's Trade Secrets for any purpose.

129.    If Defendant is not enjoined, Defendant will continue to misappropriate and use Plaintiff's Trade Secrets for its own benefit and to Plaintiff's detriment.

130.    Defendant's wrongful acts have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiff's Trade Secrets and other legitimate business interests. Plaintiff has no adequate remedy at law because monetary damages are inadequate to compensate Plaintiff for injuries caused by Defendant.

131.    As a result of Defendant's wrongful acts, Plaintiff has incurred damages in an amount to be proven at trial.

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 29

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1601954739.1

1

2

### FOURTH CLAIM FOR RELIEF
### WASHINGTON CONSUMER PROTECTION ACT
### RCW 19.86.090

3

132.    Plaintiff re-alleges upon information and belief, and incorporates by reference, as

4

if fully set forth herein, all of the preceding paragraphs.

5

133.    Defendant has engaged in unfair and/or deceptive acts and/or practices within the

6

meaning of the Washington Consumer Protection Act ("Washington CPA"), RCW 19.86.010-

7

19.86.920, by its infringement of Plaintiff's Mark and Plaintiff's Product Configuration Trade

8

Dress.

9

134.    Defendant's unlawful actions occurred in the conduct of Defendant's trade in the

10

state of Washington and affecting people within the state of Washington.

11

135.    Defendant's unlawful actions affect the public interest. Defendant's use of the

12

Infringing Mark and Infringing Drinkware Designs in connection with Defendant's goods is likely

13

to cause the public to be confused, mistaken or deceived as to Plaintiff's affiliation, connection,

14

association, origin, sponsorship or approval of such goods.

15

136.    Defendant's wrongful acts have caused, and if not enjoined will continue to cause,

16

irreparable and continuing harm to Plaintiff, Plaintiff's Mark, Plaintiff's Product Configuration

17

Trade Dress, business, reputation and goodwill. Plaintiff has no adequate remedy at law because

18

monetary damages are inadequate to compensate Plaintiff for injuries caused by Defendant.

19

137.    As a result of Defendant's wrongful acts, Plaintiff has incurred damages in an

20

amount to be proven at trial.

21

### FIFTH CLAIM FOR RELIEF
### WASHINGTON UNIFORM TRADE SECRETS ACT
### RCW 19.108.010-19.108.930

22

23

138.    Plaintiff re-alleges upon information and belief, and incorporates by reference, as

24

if fully set forth herein, all of the preceding paragraphs.

25

26

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 30

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

139.    Plaintiff's Trade Secrets at issue in this cause of action consist of Plaintiff's confidential customer lists, customer history and preferences, confidential proprietary financial information, and strategic advertising and marketing campaigns.

140.    Plaintiff's Trade Secrets derive independent economic value for Plaintiff from the fact that they are not generally known to, and not being readily ascertainable by proper means by, competitors of Plaintiff, including Defendant.

141.    The fact that Plaintiff's Trade Secrets are not known to competitors provides Plaintiff with competitive advantages that translate into revenue that would not be realized or would be decreased if the competitive actions of competitors like Defendant also were guided by Plaintiff's Trade Secrets.

142.    Plaintiff's Trade Secrets are the subject of measures that are reasonable under the circumstances to maintain their secrecy. Those measures include, but are not limited to, Plaintiff's policy of limiting access to sensitive information; Plaintiff's use of confidential password logins for company computers; and Plaintiff's requirement that all employees abide by the confidentiality provisions included in Plaintiff's Confidentiality Agreements.

143.    Defendant misappropriated Plaintiff's Trade Secrets because it acquired them knowing, or with reason to know, that they were acquired from Former Employee through improper means.

144.    Defendant misappropriated Plaintiff's Trade Secrets because it acquired them knowing, or with reason to know, that they were acquired from Former Employee and that she was under duty to maintain secrecy and not use them.

145.    Defendant knew or had reason to know under the circumstances that the information misappropriated by Defendant constituted Plaintiff's Trade Secrets.

146.    Defendant induced Former Employee to disclose Plaintiff's Trade Secrets to Defendant so Defendant could use them for its own benefit even though Defendant knew or had

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 31

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1601954739.1

reason to know that the disclosure and use constituted Former Employee's breach of a duty to maintain secrecy under Plaintiff's Confidentiality Agreements.

147.    Defendant's misappropriation of Plaintiff's Trade Secrets has harmed and will continue to harm Plaintiff because it provides Defendant with a competitive advantage it would not have in the absence of the misappropriation.

148.    This advantage damages Plaintiff's reputation, goodwill and relationships with customers and vendors, and financially damages Plaintiff.

149.    Defendant's wrongful acts have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiff's Trade Secrets and other legitimate business interests. Plaintiff has no adequate remedy at law because monetary damages are inadequate to compensate Plaintiff for injuries caused by Defendant.

150.    As a result of Defendant's wrongful acts, Plaintiff has incurred damages in an amount to be proven at trial.

### SIXTH CLAIM FOR RELIEF
### COMMON LAW TRADEMARK AND TRADE DRESS INFRINGEMENT

151.    Plaintiff re-alleges upon information and belief, and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs.

152.    Defendant's acts alleged herein and specifically, without limitation, Defendant's use of the Infringing Mark and Infringing Drinkware Designs infringes upon Plaintiff's exclusive trademark rights in Plaintiff's Mark and trade dress rights in Plaintiff's Product Configuration Trade Dress.

153.    Defendant's use of the Infringing Mark and Infringing Drinkware Designs is likely to cause confusion, or to cause mistake, or to deceive, as to an affiliation, connection, or association with Plaintiff, or as to Plaintiff's sponsorship or approval of Defendant's products, services and/or commercial activities.

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 32

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1601954739.1

154.    Defendant's acts alleged above constitute common law trademark and trade dress infringement and unfair competition.

155.    Defendant's wrongful acts have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiff's Mark, Product Configuration Trade Dress, business, reputation and goodwill. Plaintiff has no adequate remedy at law because monetary damages are inadequate to compensate Plaintiff for injuries caused by Defendant.

156.    As a result of Defendant's wrongful acts, Plaintiff has incurred damages in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

157.    Plaintiff re-alleges upon information and belief, and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs.

158.    Former Employee's agreement to the terms of Plaintiff's Confidentiality Agreements created valid, binding contracts between Former Employee and Plaintiff to maintain the confidentiality of Plaintiff's confidential customer lists, customer history and preferences, confidential proprietary financial information, and strategic advertising and marketing campaigns.

159.    Plaintiff has fully performed its obligations under Plaintiff's Confidentiality Agreements.

160.    Before hiring Former Employee, and/or before using Plaintiff's Trade Secrets, Defendant knew, or was otherwise aware, of Former Employee's valid contractual obligations to Plaintiff.

161.    Notwithstanding that knowledge, Defendant intentionally encouraged, induced, collaborated with, and otherwise caused Former Employee's breach of her obligations under Plaintiff's Confidentiality Agreements.

162.    Former Employee breached and will continue to breach her contractual obligations under Plaintiff's Confidentiality Agreements. Former Employee breached her contract with

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1  Plaintiff by using and retaining Plaintiff's confidential information without permission from
2  Plaintiff.

3      163.  Defendant's interference was for an improper purpose and/or using improper
4  means, including misappropriation of Plaintiff's Trade Secrets.

5      164.  As a result of Defendant's wrongful acts, Plaintiff has been damaged in an amount
6  to be determined at trial.

7                **VI.**    **PRAYER FOR RELIEF**

8      WHEREFORE, Plaintiff requests that the Court enter judgment against Defendant, as
9  follows:

10      a.  An entry of judgment that:

11          i.  Plaintiff's '536 Patent was duly and legally issued, is valid, enforceable, and
12             has been infringed by Defendant under 35 U.S.C. § 271;

13          ii.  Plaintiff's Mark and Plaintiff's Product Configuration Trade Dress are valid
14             and enforceable, and Defendant's acts complained of herein are unlawful as
15             constituting unfair competition, false designation of origin, and trade dress
16             infringement under 15 U.S.C. § 1125;

17          iii.  Defendant misappropriated Plaintiff's Trade Secrets under 18 U.S.C.
18             § 1836;

19          iv.  Defendant violated the Washington CPA under RCW 19.86.020;

20          v.  Defendant has misappropriated Plaintiff's Trade Secrets under RCW
21             19.108.010-.930;

22          vi.  Defendant's acts constitute common law trademark infringement and trade
23             dress infringement; and

24          vii.  Defendant tortiously interfered with Plaintiff's contractual relations with
25             Former Employee;

26

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 34

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1601954739.1

b.      An issuance of permanent injunctive relief enjoining Defendant and all others acting in concert with Defendant and having knowledge thereof, from:

     i.      continued infringement of the '536 Patent;

     ii.      continued infringement of Plaintiff's Mark;

     iii.      continued infringement of Plaintiff's Product Configuration Trade Dress; and

     iv.      misappropriation of Plaintiff's Trade Secret;

c.      An award of damages sufficient to compensate Plaintiff for injury caused by Defendant's infringement, misappropriation, and tortious interference;

d.      An accounting and award of all gains, profits and advantage arising from Defendant's infringement and misappropriation;

e.      A determination that Defendant's infringement and misappropriation has been willful, wanton and deliberate and that damages against it be increased on this basis to the maximum amount under 35 U.S.C. § 284 (Patent Act); 15 U.S.C. § 1117 (Lanham Act); 18 U.S.C. § 1836(b)(3)(C) (Defend Trade Secrets Act); RCW 19.86.090 (Washington CPA); and/or RCW 19.108.030 (Washington Uniform Trade Secrets Act);

f.      An award to Plaintiff of its attorneys' fees, expenses and costs incurred herein, including prejudgment and post judgment interest, under 35 U.S.C. § 285 (Patent Act); 15 U.S.C. § 1117 (Lanham Act); 18 U.S.C. § 1836(b)(3)(D) (Defend Trade Secrets Act); RCW 19.86.090 (Washington CPA); and/or RCW 19.108.040 (Washington Uniform Trade Secrets Act); and

g.      A grant of all other relief to which Plaintiff is entitled and such other relief as the Court deems just and equitable.

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 35

1601954739.1

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1    DATED this 2nd day of October, 2025.

2                                           K&L GATES LLP

3

4                                   By:  s/ Pam Kohli Jacobson
                                         ─────────────────────────
5                                        Pam Kohli Jacobson, WSBA No. 31810
                                         s/ Ryan W. Edmondson
                                         ─────────────────────────
6                                        Ryan W. Edmondson, WSBA No. 41651

7                                        K&L GATES LLP
                                         925 Fourth Avenue
8                                        Suite 2900
                                         Seattle, Washington  98104-1158
9                                        Phone:  (206) 370-7605
                                         Pam.Jacobson@klgates.com
10                                       Ryan.Edmondson@klgates.com

11
                                         *Attorneys for Plaintiff*
12                                       *MiiR Holdings, LLC.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT
CASE NUMBER 2:25-CV-01907 - 36

1601954739.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022