The Honorable Tana Lin

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIIR HOLDINGS, LLC, a Washington limited liability company,

Plaintiff,

v.

EVERYDAY DRINKWARE INC, a California corporation,

Defendant.

No. 2:25-cv-01907-TL

**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [~~PROPOSED~~] ORDER**

NOTE ON MOTION CALENDAR:11/18/2026

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter.

## A. General Principles

1. An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2. As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

**B. ESI Disclosures**

Within 30 days of entry of this Order, or such other mutually agreed upon date by the parties, each party shall disclose to the other the following information in accordance with this agreement:

1. Custodians. The five custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of information under his/her control.

2. Non-custodial Data Sources. A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI. These lists can identify the databases that are likely to contain discoverable structured data.

3. Third-Party Data Sources. A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4. Inaccessible Data. A list of each data source, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C. ESI Discovery Procedures**

1. On-site inspection of electronic media. Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. Search methodology. The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

a. Prior to running searches:

i. The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The producing party must provide unique hit counts for each search query.

ii. After disclosure, the parties will engage in a meet and confer process regarding additional terms sought by the non-producing party.

iii. If the parties cannot agree on the additional terms sought by the non-producing party, the non-producing party may specify up to five additional search terms to be run in addition to the searches proposed by the producing party. For the purposes of responding and objecting to additional search terms, each additional search term shall be treated as a Request under Rule 34(b). Any objections made on the basis that a proposed additional search term is too burdensome must include a hit count for the additional search term and propose an alternative search term.

iv. The following provisions apply to search terms / queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. A conjunctive combination of multiple words or phrases (*e.g.*, “computer” and “system”) narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, “computer” or “system”) broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.

3. <u>Format.</u>

a. ESI will be produced to the requesting party with searchable text, in any of the following formats:

- Single-page TIFF (with load files for e-discovery software that include metadata fields identifying natural document breaks and companion OCR or extracted text)



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

- Native file format (see § 3(C)(b), below)
- Any other format agreed to by the parties

b. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format.

c. Each document image file shall be named with a unique number (Bates Number). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

d. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

e. The full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension). For files produced in native format, and for image files, extracted text need not be separately produced unless it is generated in the ordinary course of processing for review.

4. De-duplication. The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, provided that the duplicate custodian information removed during the de-duplication process is tracked in a duplicate/other custodian field in the database load file.

5. Email Threading. The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members. Lesser



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

inclusive copies need not be produced except that, upon reasonable request, the producing party will produce a less inclusive copy.

6. Metadata fields. The parties agree that all of the following metadata fields will be produced, to the extent each field is reasonably accessible and non-privileged:

- Bates Range Begin
- Bates Range End
- Attachment Bates Range Begin (if applicable)
- Attachment Bates Range End (if applicable)
- Parent (if applicable)
- Parent Date (if applicable)
- Custodian (if applicable)
- Storage Location[1] (if no Custodian)
- Confidentiality Designation
- Filename or Title
- File Path
- File Extension
- File Type
- Date and Time Created
- Created By or Author
- Date and Time Last Modified (at time of production or re-production)
- Page Count
- MD5 Hash Value
- Sender (for emails only)
- Recipient(s) (for emails only)

[1] Created's electronic discovery management system does not have a separate metadata field for "Storage Location." To the extent that identification of a storage location is required under this paragraph, Created will provide storage location in the "Custodian" metadata field.



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

- Carbon Copy (CC) Recipients (for emails only)
- Blind Carbon Copy (BCC) Recipients (for emails only)
- Subject (for emails only)
- Date and Time Sent (for emails only)
- Date and Time Received (for emails only)

7. Hard-Copy Documents. If the parties elect to produce hard-copy documents in an electronic format, the production of hard-copy documents will include a cross-reference file that indicates document breaks and sets forth the custodian or custodian/location associated with each produced document. Hard-copy documents will be scanned using Optical Character Recognition technology and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI). Each file will be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

**D. Preservation of ESI**

The parties acknowledge that they have a common-law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2. The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

where that data is located, discovered or created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

a. Deleted, slack, fragmented, or other data only accessible by forensics.

b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

e. Back-up data that are duplicative of data that are more accessible elsewhere.

f. Server, system or network logs.

g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

h. Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

i. Digital voicemail and instant messaging data, except to the extent such data has been preserved or otherwise maintained in a party's email system.

j. Automatically saved versions of documents, unless the saved versions are included within the file being produced.



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

**E. Privilege**

1. A producing party shall create a privilege log of all documents withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privilege or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days before the deadline for filing motions related to discovery unless an earlier deadline is agreed to by the parties.

2. Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

3. With respect to privileged or work-product information generated after the filing of the complaint, including communications involving trial counsel concerning the instant litigation, parties are not required to include any such information in privilege logs. The parties agree that the mere presence or inclusion of trial counsel in a communication does not necessarily, on its own, confer privilege or protection on that communication, and that an entire communication is not necessarily privileged or protected merely because a portion of it is.

4. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5. Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. For example, the mere production of privileged or work-product-protected documents in this case as part of a greater production is not itself a waiver in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

**F. Modification**

This Stipulated Order may be modified by written stipulation by the parties or by the Court for good cause shown.



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

DATED this 18th day of November, 2026

K&L GATES LLP

By: /s/ Pam Kohli Jacobson
Pam Kohli Jacobson, WSBA No. 31810
K&L GATES LLP
925 Fourth Avenue,
Suite 2900
Seattle, Washington 98104-1158
(206) 370-7605
pam.jacobson@klgates.com

*Attorney for Plaintiff*
*MiiR Holdings, LLC*

ARD LAW GROUP PLLC

By: /s/ Joel B. Ard
Joel B. Ard, Bar No. 40104
ARD LAW GROUP PLLC
PO Box 281
Kingston, WA 98346
joel@ard.law

FRIEDLAND CIANFRANI LLP

Michael K. Friedland (*pro hac vice*)
Nicole R. Townes (*pro hac vice*)
Matt Pham (*pro hac vice*)
FRIEDLAND CIANFRANI LLP
17901 Von Karman Ave, Ste. 925
Irvine, CA 92614
(949) 734-4900
michael.friedland@fciplaw.com
nicole.townes@fciplaw.com
matt.pham@fciplaw.com

*Attorneys for Defendant*
*Everyday Drinkware Inc*

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED: ___November 19, 2026__________________

[signature]
The Honorable Tana Lin
UNITED STATES DISTRICT JUDGE



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022